**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL J. MAINARDI, GERARD N. MAINARDI, and LIGHTHOUSE STRATEGIC PROJECTS GROUP, INC., | CIVIL ACTION NO. 08-cv-3605 |
| Plaintiffs, | |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendants. | |

**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE  TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

**WONG FLEMING, P.C.**
821 Alexander Road
Suite 150, PO Box 3663
Princeton, New Jersey 08453
Telephone:  (609) 951-9520
Facsimile:  (609) 951-0270
Attorneys for Defendant The
Prudential Insurance Company
ofAmerica

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES...............................................ii

SUMMARY OF ARGUMENT................................................ 1

I.    PLAINTIFFS DO NOT STATE A CLAIM FOR COPYRIGHT  INFRINGEMENT....1

   A.   The Allegedly Infringed Elements of Plaintiffs' Product
        Are Not Protected by Copyright Law..........................................................2

   B.   Plaintiffs' Allegations Regarding Text and Dialogue Are
        Insufficient to Withstand a Motion to Dismiss................................ 6

II.   PLAINTIFFS CANNOT MAINTAIN THEIR STATE LAW CLAIMS........................... 9

   A.   Plaintiffs Cannot Maintain Their Breach of Contract
        Claim............................................................................................................10

   B.   Plaintiffs Cannot Maintain Their Misappropriation of
        Trade Secrets Claim...........................................................................................11

   C.   Plaintiffs Cannot Maintain Their Unfair Competition
        Claim............................................................................................................13

      1.   Plaintiffs' Unfair Competition Claim Is Clearly Preempted
           by Federal Intellectual Property Law.................................................13

      2.   Plaintiffs Cannot Allege the Elements of an Unfair
           Competition Claim.............................................................................................14

CONCLUSION...................................................... 16

## TABLE OF AUTHORITIES

Adams v. Warner Bros. Pictures, 2008 U.S. App. LEXIS 17495, *2
  (2d Cir. Aug. 13, 2008...................................................................7
Babiarz v. Bell Atlantic-Pennsylvania, Inc., 2001 Phila. Ct.
  Com. Pl. LEXIS 94 (July 10, 2001) ...............................................15
Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) ...........................6
Burgess v. Chase-Riboud, 765 F. Supp. 233 (E.D. Pa. 1991) .......................5
County of Delaware v. Government Sys., Inc., 203 F. Supp.2d 492
  (E.D. Pa. 2002)......................................................................14
Dun & Bradstreet Software Svcs., Inc. v. Grace Consulting,
  Inc., 307 F. 3d 197 (3d Cir. 2002) ...............................................14
Duraco Prods. v. Joy Plastic Enters., 40 F.3d 1431 (3d Cir.
  1994)................................................................................15
F.A. Davis Co. v. Wolters, 413 F. Supp. 2d 507 (E.D. Pa.
  2005................................................................................ 2,3
Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S.
  340 (1991).......................................................................... 2,4
Fun-Damental Too, Ltd. V. Universal Music Group, Inc., 1997
  US Dist. LEXIS 9597, *4 (E.D. Pa. July 8, 1997) ................................14
Gallup, Inc. v. Talent-Point, Inc., 2001 U.S. Dist. LEXIS
  18560 (E.D. Pa. Nov. 15, 2001).....................................................4
Gusler v. Fischer, 2008 U.S. Dist. LEXIS 75454 (S.D.N.Y.
  Sept. 29, 2008)................................................................... 7,8
Kregos v. Associated Press, 3 F. rd 656 (2d Cir 1993)............................13
Lakeview Ambulance and Medical Svcs., Inc. v. Gold Cross
  Ambulance and Medical Svc., Inc., 1995 WL 842000, *3 (Pa.
  Com. Pl. 1995) ..................................................................15,16
Merck & Co. Sec. Litig., 432 F.3d 261 n. 3 (3d Cir. 2005)...................13
Phillips v. Murdock, 543 F. Supp. 2d 1219 (D. Haw. 2008) ................... 8,9
Pino v. Viacom, Inc., 2008 U.S. Dist. LEXIS 24453, *21
  (D.N.J. March 4, 2008).............................................................4
Rockefeller Prop. Ctr., Inc. Sec. Litig., 311 F.3d 198 (2002).........7
Schiffer Publishing Ltd. v. Chronicle Books, 350 F. Supp. 2d
  613 (E.D. Pa. 2004)...............................................................14
Stromback v. New Line Cinema, 384 F. 3d 283, 305 (6th Cir.
  2004)................................................................................12
Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc., 797 F.2d
  1222 (3d Cir. 1986) .............................................................. 2,5

**SUMMARY OF ARGUMENT**

Plaintiffs' Complaint should be dismissed because it clearly fails to state a claim for copyright infringement, breach of contract, misappropriation of trade secrets, and unfair competition. Notably, Plaintiffs now acknowledge that they cannot state a claim for interference with prospective contractual relations.

Plaintiffs' copyright claims seek protection for unprotectable ideas, such as methods, formatting, and broad concepts, rather than the expression of ideas. Plaintiffs' state law claims misunderstand the nature of trade secrets and unfair competition law, while ignoring the clear language of the allegedly breached contract.

## I.  PLAINTIFFS DO NOT STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

Plaintiffs' brief fails to refute the fact that their Complaint seeks to protect unprotectable ideas rather than legitimate "expressions of ideas" that are protected under federal copyright law.  To the extent Plaintiffs even suggest they are alleging infringement of a legitimately protectable "expression," those allegations are far too broad and tangential to their Complaint to survive a motion to dismiss.

1

## A. The Allegedly Infringed Elements of Plaintiffs' Product Are Not Protected by Copyright Law

Plaintiffs do not deny that the "purpose" or "idea" of a product is not protected by copyright law, nor is anything necessary to the expression of that "purpose" or "idea," known generally as the doctrine of merger or scenes á faire. <u>Whelan Assoc. v. Jaslow Dental Lab., Inc.</u>, 797 F.2d 1222, 1236 (3d Cir. 1986). Instead, relying on <u>F.A. Davis Co. v. Wolters</u>, 413 F. Supp. 2d 507, 512 (E.D. Pa. 2005), Plaintiffs argue that their "chosen method offered through a series of short plays on CD-ROM and a written yes/no format test is . . . a copyrightable expression afforded protection." (Plaintiffs' Brief at p. 7). They argue that this conclusion is supported because of analogous case law that protects "the collection and assembly of existing facts, the selection and arrangement of those materials, and the creation, by virtue of selection, of an 'original' work." <u>Id.</u>

Despite Plaintiffs' arguments, "the mere fact that a work is copyrighted does not mean that every element of the work may be protected." <u>Feist Publications, Inc. v. Rural Tel. Serv. Co.</u>, 499 U.S. 340, 348 (1991). Thus, a court is required to evaluate whether each individual allegedly infringed element is independently entitled to copyright protection. <u>See F.A. Davis</u>, 413 F. Supp. 2d at 513.

2

Plaintiffs repeatedly cite F.A. Davis in support of their claim that "their chosen method offered through a series of short plays on CD-ROM and a written yes/no format test is . . . a copyrightable expression." (See, e.g., Plaintiffs' Brief at p. 7). However, F.A. Davis actually suggests that the allegedly infringed elements of Plaintiffs product are not protectable expressions, holding that the Plaintiff did not have "a protectable copyright interest in selection of the topic headings, tabs and design of its book." F.A. Davis, 413 F. Supp. 2d at 514. The F.A. Davis court, noting that the "configuration of a book is generally not copyrightable," further stated that "the distinction Plaintiff draws between topic selection and layout versus book configuration appears artificial." Id. at 513-14.

In this case, Plaintiffs' brief states that they seek copyright protection for their "chosen method offered through a series of short plays on CD-ROM and a written yes/no format test." (Plaintiffs' Brief at p. 7). In so stating, they only demonstrate that they are seeking protection for their "method" or product configuration rather than the content of their "short plays on CD-ROM" and "written yes/no format test." Yet according to the very case upon which Plaintiffs rely, configurations, topic selection, and layout are explicitly exempt from copyright protection under the merger doctrine. Id.

3

Even if Plaintiffs could seek protection under a "compilations" theory, their claim would still fail because, where a Plaintiff seeks copyright protection for "the original selection of unprotectable elements" such as a compilation of facts, that protection is "considered to be thin." Pino v. Viacom, Inc., 2008 U.S. Dist. LEXIS 24453, *21 (D.N.J. March 4, 2008). In such instances, protection is "limited to the particular selection or arrangement and a subsequent work will avoid infringement so long as [it] does not feature the same selection and arrangement." Id. (citing Feist, *supra*, 499 U.S. at 349, 351). Plaintiffs do not allege that Defendants' product features the "same selection and arrangement," and so cannot proceed under a "compilation" theory as their brief suggests.

Plaintiffs' reliance on Gallup, Inc. v. Talent-Point, Inc., 2001 U.S. Dist. LEXIS 18560 (E.D. Pa. Nov. 15, 2001) is misplaced because they overstate the court's holding. There, the court extended copyright protection to the questions contained in an employee survey – but only to the survey's specific questions, rather than its broad topic areas, as Plaintiffs seek to do here. Id. at *18. Importantly, in Gallup, the Court reiterated the well-accepted principle that a Plaintiff's overall system and methods are not protected by copyright. Id. at *13 (citing Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc., 797 F.2d 1222, 1235 (3d Cir. 1986)).

4

Plaintiffs further suggest that Burgess v. Chase-Riboud, 765 F. Supp. 233 (E.D. Pa. 1991) provides support for their contention that their "chosen method of using video vignettes immediately followed by a taped expert/consultant providing a solution to the problem raised in each vignette is also protected under copyright law." (Plaintiffs' Brief at p. 8). Burgess, however, is factually and legally irrelevant to this matter. There, both Plaintiff's and Defendant's works were fictionalized accounts of the story of the historical person Sally Hemings. Although the copyright-holder claimed 21 instances of similarity between the two works, the court found that "approximately half of these instances are not actionable because they are sufficiently general, or are based on the information provided [by a third-party account of the historical record]." Id. at 240. The remaining points of comparison were found substantially similar only because they were either purely fictionalized or because the secondary, fictionalized elements of the scenes were similar. Id. at 240-42. Simply put, these elements were not necessary to the *idea* of a fictionalized account of the life of Sally Hemings.

Here, Plaintiffs are not seeking protection for specific, expressive elements of their product. Instead, they seek copyright protection for their "chosen method of using video vignettes immediately followed by a taped expert/consultant."

(Plaintiffs' Brief at p. 8). They are thus seeking to prevent Defendant from creating a product based on the *idea* of marketing insurance products through the use of video vignettes and expert analysis. For that reason, Plaintiffs' Complaint should be dismissed with respect to their claims of copyright infringement.

## B. Plaintiffs' Allegations Regarding Text and Dialogue Are Insufficient to Withstand a Motion to Dismiss

Seeking to avoid a finding that their allegations of substantial similarity in the text and dialogue of Defendant's products are mere "formulaic recitations" requiring dismissal under Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007), Plaintiffs argue that they have "alleged in ¶ 35 of their Complaint thirteen factual ways in which they claim Prudential's identified product . . . is similar." (Plaintiffs' Brief at p. 11). However, Paragraph 35 of Plaintiffs' Complaint simply lists the allegations of substantial similarity with respect to Plaintiffs' entire claim, providing no basis for the vague allegations of similarity in text and verbiage.

Perhaps realizing this, Plaintiffs argue that even under Twombly, they are not required to provide more than a broad statement that there is substantially similar text and verbiage. (Plaintiffs' Brief at p. 11). They further claim that they should not be required to provide a line-by-line comparison of

6

the products under Rule 8 of the Federal Rules of Civil Procedure. Id.

Plaintiffs' argument is again mistaken. Defendants do not argue, as Plaintiffs imply, that there must be a line-by-line comparison. However, a Complaint for copyright infringement must, at a minimum, describe the similarities between the Plaintiffs' and Defendant's works. Adams v. Warner Bros. Pictures, 2008 U.S. App. LEXIS 17495, *2 (2d Cir. Aug. 13, 2008)(affirming the dismissal of a Plaintiff's copyright allegations in part because of a failure to describe the similarities between the works). A Plaintiff cannot simply make the legally conclusory assertion that elements are "substantially similar" without providing some basis for so concluding. See, e.g., In re Rockefeller Prop. Ctr., Inc. Sec. Litig., 311 F.3d 198, 215 (2002)("[C]ourts are not required to credit bald assertions or legal conclusions improperly alleged in the complaint. Similarly, legal conclusions draped in the guise of factual allegations may not benefit from the presumption of truthfulness.").

The case Plaintiffs cite in support of their argument that they have adequately alleged similarity, Gusler v. Fischer, 2008 U.S. Dist. LEXIS 75454 (S.D.N.Y. Sept. 29, 2008), is inapplicable because it contained an allegation that that the Defendants "copied, published, and otherwise distributed the

drawings." Gusler, 2008 U.S. Dist. LEXIS 75454 at *19. The Complaint in Gusler thus alleged exact copying rather than a vague allegation that the products were "substantially similar." Because an allegation of exact copying implies that copyrighted elements of a Plaintiffs' product are identically reproduced, Gusler does not support the claim that a blanket allegation of substantial similarity can survive a motion to dismiss.

A Complaint alleging copyright infringement based on substantial similarity in copyrightable elements must be dismissed where it "does not identify any specific text in [Plaintiffs'] work that is copied in [Defendant's work]." Phillips v. Murdock, 543 F. Supp. 2d 1219, 1226 (D. Haw. 2008). "The failure to delineate the text that is the basis of [a] copyright claim makes it impossible for Defendants to answer or to defend against Plaintiff's claim." Id. at 1227.

Plaintiffs attempt to distinguish Murdock's delineation requirement by arguing that the Court was simply requiring that the Plaintiff state whether the infringing text was an advertisement or a book. (Plaintiffs' Brief at 12-13). This unfortunately ignores that the Court specifically treated Plaintiff's complaint as alleging that both the book and the advertisement infringed upon Plaintiff's copyright, and separately analyzed whether the Plaintiff had stated a claim with respect to infringement by Defendant's advertisement and by

Defendant's book.   Murdock, 543 F. Supp. 2d at 1226-27.   The Court's requirement that Plaintiff delineate the substantially similar text occurred entirely in its analysis of whether the Plaintiff had stated a claim with respect to Defendant's book. Id.

Importantly, as here, the Plaintiff in Murdock did directly identify some elements of similarity between her product and the defendant's.   Id.   However, as here, this was "limited to the identification of similar ideas, concepts, themes, and topics." Id.   Because "[i]deas and general topics in a published work are not protected by copyright," and because the Plaintiff failed to identify specific similarities of copyrightable elements, the Court dismissed the Complaint.   Murdock, 543 F. Supp. 2d at 1227.   For similar reasons, this Court should dismiss Plaintiffs' claims for copyright infringement.

## II.   PLAINTIFFS CANNOT MAINTAIN THEIR STATE LAW CLAIMS

Plaintiffs now acknowledge that at least one of their state law claims, that of interference with prospective contractual relations is preempted and should therefore be dismissed. (Plaintiffs' Brief at p. 18).   However, Plaintiffs' attempts to save their other state-law claims are also without merit, and this Court should dismiss those claims as well.

## **A. Plaintiffs Cannot Maintain Their Breach of Contract Claim**

Plaintiffs argue that they can maintain a breach of contract claim because they have "enumerated ten specific ways in which Defendant is alleged to have breached the Agreements." (Plaintiffs' Brief at 20-21). These allegations are contained in ¶42 of Plaintiffs' Complaint and accuse Defendant of breaching the Agreements by use of: the "marketing strategy" embodied in Plaintiffs' product; similar "format and design"; "educationally focused video stories depicting critical decision points of closely held business owners followed by experts/consultants providing solutions and strategies"; similar "subject matter"; a similar self-evaluation tool; Plaintiffs' product for purposes other than workshop presentations; similar user documentation; and of Defendant's own marketing materials to market its similar product. Plaintiffs also accuse Defendant of distributing and permitting access to Defendants' allegedly substantially similar product. (Compl. ¶42).

Not one of these allegations can be construed as a breach of the agreements alleged in their Complaint, which only prohibit infringement of Plaintiffs' "right, title, and interest in and to the Software" and copying or reproduction of Plaintiffs' user documentation. (Compl. ¶ 27). There is no reason to conclude that the rights protected by the licensing

10

agreements are any more extensive than Plaintiffs' copyrights. Thus, any allegations pertaining to the use or distribution of Defendant's competing product and/or marketing materials cannot state a claim for breach of contract. The only remaining contractual allegation is that Defendant used Plaintiffs' product "for purposes other than for businessKillers® or FamilyMatters® workshop presentations." Yet nowhere in the allegedly violated Agreements is there a clause that could be interpreted as prohibiting uses "for purposes other than for businessKillers® or FamilyMatters® workshop presentations."

Plaintiffs' allegations of breach of contract are thus blatantly insufficient to survive a motion to dismiss.

### B. Plaintiffs Cannot Maintain Their Misappropriation of Trade Secrets Claim

With respect to their claim of misappropriation of trade secrets, Plaintiffs argue that they have "sufficiently pleaded that their marketing method and idea is a trade secret and has independent economic value" because they allege "that their product gave Plaintiff Lighthouse a competitive advantage and that its competitive value was known to Defendant." (Plaintiffs' Brief at 24). They further claim that the facts as alleged demonstrate they maintained their product as a trade secret. Id.

11

However, Plaintiffs do not seek protection for the methods used in the creation of their retail product, but rather for the retail product itself. Clearly, a retail product derives its value from its sales. As in <u>Stromback v. New Line Cinema</u>, 384 F. 3d 283, 305 (6th Cir. 2004), such "works would have 'independent economic value' only if they were exploited publicly through broad dissemination." <u>Stromback</u>, 384 F. 3d at 305. Plaintiffs can cite to no precedent to suggest that a trade secret can exist in a product itself. Nor should this Court create such precedent; to so conclude would be to find a "trade secret" in virtually any retail software package containing a "clickwrap" agreement. That Plaintiffs' Complaint fully acknowledges that Plaintiffs actively sought to market their product only reinforces this conclusion. (Compl. ¶21).

Plaintiffs also did not treat their product as a trade secret, as the material from Plaintiffs' website makes abundantly clear by publicly advertising the very topics and format for which they now claim a trade secret. (See Ex. B to Brief in Support of Motion to Dismiss). It is appropriate to consider this documentation in the context of a motion to dismiss because Plaintiffs do not appear to challenge its authenticity or the accuracy of the source. Where, as here, the relevant documents are "not subject to reasonable dispute and are capable of accurate and ready determination by resort to a

12

source whose accuracy cannot be reasonably challenged," In re Merck & Co. Sec. Litig., 432 F.3d 261, 264 n. 3 (3d Cir. 2005), judicial notice is permissible in a motion to dismiss.

Regardless, even if the Court does not take judicial notice of the materials from Plaintiffs' website, Plaintiffs' misappropriation of trade secrets claim must still fail because of the impropriety of claiming a trade secret in the very product Plaintiffs sold.

### III. Plaintiffs Cannot Maintain Their Unfair Competition Claim

Finally, Plaintiffs' unfair competition claim must fail because it is both clearly preempted by federal law and because it relies on a novel theory of unfair competition that has no support in Pennsylvania law.

### 1. Plaintiffs' Unfair Competition Claim Is Clearly Preempted by Federal Intellectual Property Law

Plaintiffs' claim of unfair competition fails under federal intellectual property law because it lacks any "extra elements" beyond the protections of federal copyright and patent law, and is thus preempted. Kregos v. Associated Press, 3 F.3d 656, 666 (2d Cir. 1993).

Plaintiffs attempt to claim that their state-law unfair competition claim requires the "additional elements of trickery and deception," which makes their claim qualitatively different

13

from a federal intellectual property claim. (Plaintiffs' Brief at p. 18). None of the precedent cited by Plaintiffs supports this proposition, however. The two cases Plaintiffs cite in which no preemption was found, Dun & Bradstreet Software Svcs., Inc. v. Grace Consulting, Inc., 307 F. 3d 197 (3d Cir. 2002) and County of Delaware v. Government Sys., Inc., 203 F. Supp.2d 492 (E.D. Pa. 2002), involved claims for breach of contract and misappropriation of trade secrets. This District has repeatedly held that "the Copyright Act preempts an unfair competition claim premised on a misappropriation theory, that is, 'reverse passing off.'" Schiffer Publishing Ltd. v. Chronicle Books, 350 F. Supp. 2d 613, 619 (E.D. Pa. 2004)(quoting Fun-Damental Too, Ltd. V. Universal Music Group, Inc., 1997 US Dist. LEXIS 9597, *4 (E.D. Pa. July 8, 1997).

### 2. Plaintiffs Cannot Allege the Elements of an Unfair Competition Claim

Attempting to rescue their unfair competition claim from preemption, Plaintiffs argue that their particular unfair competition claim is not one for "reverse passing off" or based on deception of the public, but is instead based on Defendant's alleged deception of the Plaintiffs. (Plaintiffs' Brief at p. 18). This argument destroys any opportunity for Plaintiffs to state a claim for generic unfair competition because it ignores that "only deceiving consumers, or exploiting the good will of

14

another producer, is unfair competition." Duraco Prods. v. Joy Plastic Enters., 40 F.3d 1431, 1445 (3d Cir. 1994). Because Plaintiffs readily admit that they "do not allege Defendant intended to 'pass off' the product and deceive the public," (Plaintiffs' Brief at p. 18), they cannot conceivably state a claim for generic unfair competition under Pennsylvania law.

Plaintiffs have no basis upon which to argue that a state-law unfair competition claim may be based upon the alleged deception of the Plaintiff-competitors themselves, rather than of the public at large. Instead, the cases cited by Plaintiffs merely re-affirm the principle that generic unfair competition claims must be concerned entirely with deception of the public. For instance, Babiarz v. Bell Atlantic-Pennsylvania, Inc., 2001 Phila. Ct. Com. Pl. LEXIS 94 (July 10, 2001), did not even address a claim for generic unfair competition, but was instead concerned only with a claim for misappropriation of trade secrets, which is a subset of the broader body of law of unfair competition.

Lakeview Ambulance and Medical Svcs., Inc. v. Gold Cross Ambulance and Medical Svc., Inc., 1995 WL 842000, *3 (Pa. Com. Pl. 1995), involved a situation wherein the Defendant made numerous false and misleading statements to newspapers in an attempt to prevent the Plaintiff from obtaining licensing. Lakeview Ambulance, 1995 WL 842000 at *1. Thus, as with the

15

better-known unfair competition claims of "passing off" or "reverse passing off," the allegations involved the deception of the public.

Because Plaintiffs readily acknowledge that they do not allege a deception of the public, they cannot maintain a claim for generic unfair competition, and their claim should thus be dismissed with prejudice.

## CONCLUSION

For the reasons stated herein, Defendant The Prudential Insurance Company of America respectfully requests that this Court dismiss Plaintiffs' Complaint with prejudice.

Respectfully submitted,

s/Daniel C. Fleming
Federal Bar No. DF3872
Email: dfleming@wongflmeing.com
Validation Signature Code: DCF8109

**WONG FLEMING, P.C.**
821 Alexander Road, Suite 150
P.O. Box 3663
Princeton, New Jersey 08540
Tel: (609) 951-9520
Fax: (609) 951-0270
Attorneys for Defendant
The Prudential Insurance Company     of
America

Dated: December 1, 2008

16

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| MICHAEL J. MAINARDI, GERARD N. MAINARDI, and LIGHTHOUSE STRATEGIC PROJECTS GROUP, INC., | CIVIL ACTION NO. 08-cv-3605 |
| Plaintiffs, v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

**CERTIFICATION OF SERVICE**

I, Mark Thompson, hereby certify that on this 1st Day of December I did the following:

1.    I filed electronically with the United States District Court for the Eastern District of Pennsylvania a copy of the following:

> (a)    Defendant The Prudential Insurance Company of America's Reply Brief In Support Of Its Motion To Dismiss For Failure To State A Claim Upon Which Relief May Be Granted; and

> (b)    this Certification of Service.

2.    I caused to be served a copy of the documents identified in paragraph 1(a) through (b) to the following person by ECF:

Daniel M Weiss, Esq.
Haines & Associates
1835 Market Street
Suite 2420
Philadelphia, PA 19103
Email: dweiss@haines-law.com

2.  I mailed a copy of the pleadings identified in paragraph 1(a) through (b) to the following persons by regular, first-class U.S. mail:

Robert M. Axelrod, Esq.
204 East Main Street
P.O. Box 2455
Meriden, CT 06450-1529

Jennifer L. Zito, Esq.
204 East Main Street
P.O. Box 2455
Meriden, CT 06450-1529

Pursuant to 28 U.S.C. 1746, I certify under penalty of perjury that the foregoing is true and correct.

/s/ Mark Thompson
Mark Thompson

**WONG FLEMING, P.C.**
821 Alexander Road, Suite 150
P.O. Box 3663
Princeton, New Jersey 08540
Tel: (609) 951-9520
Fax: (609) 951-0270
Attorneys for Defendant
The Prudential Insurance Company
of America

Dated: December 1, 2008